IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF MINNESOTA

| | |
|---|---|
| KENNETH GEHRKE, | ) |
| | ) |
| | )  Civil Action No._____ |
| Plaintiff, | ) |
| | ) |
| | ) **PLAINTIFF'S ORIGINAL COMPLAINT** |
| v. | )  *(Jury Trial Demanded)* |
| | ) |
| FLEET FARM LLC (f/k/a MILLS FLEET FARM) and ONWARD MANUFACTURING COMPANY, LTD. | ) |
| | ) |
| Defendants. | ) |

Plaintiff, Kenneth Gehrke, files his Original Complaint and jury demand against Defendants, Fleet Farm LLC and Onward Manufacturing Company, Ltd., and for his causes-of-action respectfully shows this Court as follows:

## I.
## PARTIES

1.  Plaintiff, Kenneth Gehrke, is a resident of Isanti, Isanti County, State of Minnesota.

2.  Defendant Fleet Farm LLC (f/k/a Mills Fleet Farm) ("Fleet Farm") is a domestic corporation that is organized and maintains its principal place of business in a state other than Minnesota. Fleet Farm maintains its principal place of business at 2401 S. Memorial Dr., Appleton, WI 54915. Fleet Farm may be served with process by serving its Registered Agent for service, CT Corporation System, 1010 Dale St. N., St. Paul, MN 55117-5603.

3.  Defendant Onward Manufacturing Company, Ltd ("Onward") is an entity organized under the laws of Canada, with its principal place of business located at 585 Kumpf Drive, Waterloo, Ontario, Canada N2V 1K3. At all times material hereto, Defendant Onward

1

has been transacting business in developing, designing, manufacturing, marketing, distributing, and selling grilling products and supplies, including the Grill Pro Grill Brush made the basis of this lawsuit. At all times material hereto, Onward has engaged in business in the District of Minnesota. Onward may be served with process via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 1965 U.S.T. 361, 658 U.N.T.S. 163 (1965). Onward may be served with process at 585 Kumpf Drive, Waterloo, Ontario, Canada N2V 1K3.

## II.
## JURISDICTION & VENUE

4. At all times relevant to the causes-of-action asserted herein, the non-resident Defendants have had continuing and systematic contact with the state of Minnesota by delivering their products into the stream-of-commerce with the expectation that the products would reach consumers within the state of Minnesota. Further, Defendants have had minimum contacts with the state of Minnesota and are doing business in the state of Minnesota, by, among other things: entering into contracts, by mail or otherwise, with residents of the state of Minnesota; contracting for performance in the state of Minnesota; recruiting Minnesota residents for employment inside and/or outside the state; and committing torts in the state of Minnesota. The causes-of-action asserted herein arise from such contact and business.

5. Products manufactured, marketed, and/or distributed by Defendants are routinely sold in the District of Minnesota.

6. Defendants purposefully market and sell their products in the state of Minnesota for the purpose of deriving profit and have in fact derived profits from the sale of products in the state of Minnesota.

7. Defendants plan to continue selling their products in the future in the state of Minnesota.

8. Defendants' liability in this case arises from or is related to the sale and distribution of products in the state of Minnesota.

9. Accordingly, Defendants have purposefully availed themselves of the privileges and benefits of placing their products into the stream of commerce in the state of Minnesota and thereby conduct business in the state of Minnesota.

10. The Court's exercise of personal jurisdiction over Defendants comports with due process.

11. At all times material to this incident, the Defendants were and are doing business in and throughout the state of Minnesota.

12. The events that make the basis of this action occurred in the state of Minnesota.

13. The Defendants conduct business and sell their products in and throughout the state of Minnesota.

14. Venue in this case is proper in the Minnesota by virtue of Title 28 U.S.C. § 1391(2) and/or (3). As a business entity, each Defendants is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. 1391 (c). Therefore, Defendants are subject to personal jurisdiction in Minnesota and for venue purposes are deemed to reside in Minnesota.

15. The court has jurisdiction pursuant to 28 U.S.C. §1332 because of complete diversity of citizenship of the parties and because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000).

## III.
## FACTUAL BACKGROUND

16. On or about May 1, 2018, Plaintiff, Kenneth Gehrke, inadvertently and unknowingly ingested a wire bristle from a Grill Pro Grill Brush after grilling food.

17. The Grill Pro Grill Brush was designed, manufactured, marketed, distributed, and/or sold by the Defendants.

18. As a producing and proximate cause of the product defects described herein, Plaintiff Kenneth Gehrke inadvertently and unknowingly ingesting the wire bristle from the Grill Pro Grill Brush and sustained serious and permanent injuries including, but not limited to, filling his abdomen with infection.

## IV.
## FIRST CAUSE -OF-ACTION
*(Strict Liability)*

19. Plaintiff hereby incorporates by reference all of the allegations in the preceding paragraphs as if fully set forth herein.

20. At all times relevant herein, Defendants were and are manufacturers, sellers, and/or distributors of the Grill Pro Grill Brush.

21. The Grill Pro Grill Brush at issue in this action was designed, constructed, marketed, distributed, and/or sold by and through the agents and/or representatives of the Defendants.

22. Defendants were regularly engaged in the business of supplying or placing products, like the Grill Pro Grill Brush in question, into the stream-of-commerce for use by the consuming public, including the Plaintiff.

23. Plaintiff's injuries occurred because the Grill Pro Grill Brush was developed, designed, manufactured, and sold by Defendants in a defective condition unreasonably

dangerous to the Plaintiff.

24. The Defendants designed, manufactured, and/or sold the Grill Pro Grill Brush in a defective and unreasonably dangerous condition.

25. At the time the Grill Pro Grill Brush in question was placed into the stream of commerce, it was, or should have been, reasonably expected and foreseeable to the Defendants that the Grill Pro Grill Brush in question would be used by a person such as Plaintiff in the manner and application in which it was being used at the time of the incident made the basis of this lawsuit.

26. With respect to the design of the Grill Pro Grill Brush in question, at the time it left the control of Defendants, there were safer alternative designs. Specifically, there were alternative designs that, in reasonable probability, would have prevented or significantly reduced the risk of injury to Plaintiff. Furthermore, such safer alternative designs were economically and technologically feasible at the time the product left the control of the Defendants by the application of existing or reasonably achievable scientific knowledge.

27. At the time the Grill Pro Grill Brush in question left control of Defendants, it was defective and unreasonably dangerous in that it was not adequately designed or marketed to minimize the risk of injury. By way of example and without limitation, the product in question was unreasonably and dangerously defective in the following ways:

   a. the Grill Pro Grill Brush in question was unreasonably, dangerously, and defectively designed in that it was designed with wire bristles that can separate from the brush itself during intended uses and be ingested by and cause serious injury to the user thus making the grill brush unreasonably, dangerously, and defectively designed for its intended and reasonably foreseeable uses;

   b. the Grill Pro Grill Brush in question was unreasonably, dangerously, and defectively designed in that it was not designed with a mechanism that could prevent the wire bristles from separating from the brush itself during intended uses and being ingested by and causing serious injury to the user, thus making the

      grill brush unreasonably, dangerously, and defectively designed for its intended and reasonably foreseeable uses;

c.    the Grill Pro Grill Brush in question was unreasonably, dangerously, and defectively designed in that it was not properly designed to eliminate the risk and dangers associated with the wire bristles separating from the brush itself during intended uses and being ingested by and causing serious injury to the user, thus making the grill brush unreasonably, dangerously, and defectively designed for its intended and reasonably foreseeable uses;

d.    the Grill Pro Grill Brush in question was unreasonably, dangerously, and defectively designed in that did not contain adequate instructions or warnings on the proper and safe use of the grill brush, thus making the grill brush unreasonable, dangerous, and defective for its intended and reasonably foreseeable uses; and

e.    the Grill Pro Grill Brush in question was unreasonable, dangerous, and defective in that it failed to warn of the risk, nature, and extent of danger associated with the wire bristles separating from the brush itself during intended uses and being ingested by and causing serious injury to the user, thus making the grill brush unreasonable, dangerous, and defective. Further, the warnings and instructions provided, if any, were not in a form that could reasonably be expected to catch the attention of the reasonably prudent person when engaged in reasonably foreseeable uses.

28.    At the time of Plaintiff's injuries, the Grill Pro Grill Brush in question was in substantially the same condition as it was when it was designed, manufactured, distributed, and sold by Defendants.

29.    The above unreasonably dangerous defects in the Grill Pro Grill Brush in question were the proximate and producing causes of Plaintiff's serious and permanent injuries and damages.

**V.**
**SECOND CAUSE OF ACTION**
*(Negligence and Gross Negligence)*

30.    Plaintiff hereby incorporates by reference all of the allegations in the preceding paragraphs as if fully set forth herein.

31. The Defendants have a duty to manufacture, distribute, and sell products that are not defective and unreasonably dangerous. Defendants acting by and through their agents and/or representatives breached this duty and were thereby negligent and grossly negligent in designing, manufacturing, marketing, distributing, and selling the Grill Pro Grill Brush in question with the defects identified above.

32. The injuries and damages sustained by Plaintiff are the direct and proximate result of the negligence, carelessness, recklessness, and wanton conduct of the Defendants in the following particulars:

   a. failing to exercise reasonable care in designing, researching, manufacturing, marketing, supplying, promoting, selling, testing, quality assurance, quality control, and/or distribution of the Grill Pro Grill Brush so as to eliminate or reduce the risks and danger associated with wire bristles separating from the brush itself during intended uses and being ingested by and causing serious injury to the user;

   b. designing, building, distributing, and selling the grill brush in question when they knew, or should have known, that the wire bristles can separate from the brush itself during intended uses and be ingested by users resulting in serious injury;

   c. negligently designing, assembling, and producing the Grill Pro Grill Brush in a manner that poses a serious danger to users;

   d. failing to conduct appropriate, adequate, and thorough testing to evaluate the Grill Pro Grill Brush for the risks and danger associated with wire bristles separating from the brush itself during intended uses and being ingested by and causing serious injury to the user;

   e. failing to make changes to the grill brush and/or its warnings, when Defendants knew or should have known that there was potential for wire bristles to separate from the brush itself during intended uses and be ingested by and cause serious injury to the user;

   f. failing to warn users of the propensity for wire bristles to separate from the brush itself during intended uses and be ingested by and cause serious injury to the user;

   g. negligently representing that the Grill Pro Grill Brush was safe for its intended uses, when, in fact, it was unsafe;

  h.  negligently advertising and recommending the use of the Grill Pro Grill Brush despite the fact that Defendants knew or should have known of its dangerous propensity for wire bristles to separate from the brush itself during intended uses; and

  i.  in such other particulars as the evidence may establish.

33. As a result of the aforementioned events, Plaintiff Kenneth Gehrke suffered severe and permanent injuries to his body, including severe abdominal infection, from which he has suffered and will continue to suffer physical pain and mental anguish; and has expended and will in the future expend monies for medical care and treatment, caused to lose the enjoyment of life, has lost income, and sustained other damages.

34. By reason of and in consequence of the above-mentioned negligent, careless, reckless, willful, and wanton conduct of the Defendants, Plaintiff suffered the injuries, losses, and damages complained of, for which the Defendants are liable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against Defendants, jointly and severely, for a sum of money which will fully compensate him for all damages alleged herein, together with interest, costs, and disbursements, and for such other relief to which Plaintiff may by entitled.

Dated: <u>April 14, 2022</u>          By: /s/Raymond J. Trueblood-Konz
Raymond J. Trueblood-Konz (MN 0391236)
PRITZKER HAGEMAN, P.A.
2950 PwC Plaza
45 S. 7th Street, Ste. 2950
Minneapolis, MN 55402-1652
Tel (612) 338-0202
Fax (612) 338-0104
Email: raymond@pritzkerlaw.com

*and*

Stefanie D. Bradshaw (TX 24078253)
*Pro hac vice forthcoming*
PAYNE MITCHELL LAW GROUP
3500 Maple Avenue, Suite 1250
Dallas, Texas  75219
Tel  (214) 252-1888
Fax  (214) 252-1889
Email: stefanie@paynemitchell.com

*Attorneys for Plaintiff*